UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JORDAN EDWARD DIAS, | ) | |
| Petitioner, | ) | CASE NO. C08-1346-RSM-BAT |
| | ) | (CR07-96-RSM) |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

## INTRODUCTION

Petitioner is currently incarcerated in a federal prison in California. He is serving a 24-month sentence based upon his conviction for conducting a fraudulent business over the Internet. Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government has filed a response. Petitioner has not filed a reply to the government's response. Having reviewed the motion and response, the Court concludes, for the reasons set forth below, that petitioner's motion should be denied and this action dismissed with prejudice.

## PROCEDURAL HISTORY

Petitioner was born in the Azores and was brought by his parents to this country when he was two years old. (Dkt. No. 6, Ex. A at 1). He is currently 39 years old. (*Id.*) On May 17, 2007, petitioner pled guilty to one count of mail fraud, after an investigation into his business produced evidence that he had defrauded over 100 individuals of a total amount of $94,073.

REPORT AND RECOMMENDATION
PAGE 1

1  (Dkt. No. 6 at 2; Dkt. No. 13 in Case No. CR07-96-RSM). In the plea agreement, petitioner agreed that the "offense level" for his conduct was 16, which resulted in an advisory sentencing range of 24 to 30 months' imprisonment. (*Id*.) At his sentencing hearing before the Honorable Ricardo S. Martinez, petitioner was represented by Ms. Carol Koller of the Federal Public Defender's Office. Ms. Koller argued, among other things, that because petitioner was not a U.S. citizen, the conditions of his incarceration would be harsher and afterwards, he would be deported to Portugal, a country which was "foreign" to him. Therefore, counsel argued that petitioner's sentence should be one year and a day, well below the advisory range of 24-30 months' imprisonment. (Dkt. No. 6, Ex. A at 2; Ex. B at 6-7).

Judge Martinez took note of counsel's argument regarding petitioner's alien status and possible deportation, but declined to impose a sentence below the advisory range. (Dkt. No. 6, Ex. B at 9). Instead, Judge Martinez imposed a prison term of 24 months, after observing that "[t]he length of this scheme, the extensive use of screen names, etcetera, simply shows that Mr. Dias is good at what he does, defrauding other people. He is not a first offender. He did it before. It is an easy way to make money. Theft first degree in 1999. He still owes almost $16,000 in legal/financial obligations today. The chances that these people will ever see any part of this restitution is nil." (*Id*. at 8-9).

Petitioner did not file a direct appeal. On September 8, 2008, petitioner filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. No. 1). On September 10, 2008, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules MJR 3 and 4. (Dkt. No. 4). The government filed its response on October 22, 2008. (Dkt. No. 6). Petitioner has not filed a reply and the matter is now ready for review.

## DISCUSSION

In his § 2255 motion, petitioner raises a single claim for relief: "Ineffective Assistance of Counsel – A request for a downward departure was not expressed to the court." (Dkt. No. 1

at 5). In a memorandum petitioner attaches to his § 2255 motion, petitioner appears to argue that due to the fact that he is not a U.S. citizen, he is ineligible for certain programs that would ameliorate the conditions of his confinement and that he faces deportation to a country that is foreign to him. For these reasons, petitioner contends that his sentence should be reduced.

In order to prevail on his claim that his counsel was ineffective, petitioner must establish two elements. First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, petitioner's argument that counsel was ineffective is belied by the record. Ms. Koller made precisely the same argument at sentencing that petitioner makes now, *i.e.*, that his status as an alien should result in a lower sentence. Judge Martinez heard that argument and declined counsel's request to depart downward from the advisory range of 24-30 months' imprisonment. Instead, Judge Martinez imposed a sentence at the low end of that range. Accordingly, petitioner's claim lacks any basis in fact and should be denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence should be denied and this action dismissed with prejudice. A proposed Order is attached.

DATED this 5th day of January, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE 3